IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JOSEPH LUIS GARCIA,<br><br>                Defendant. | **4:22CR3039**<br><br>**FINDINGS, RECOMMENDATIONS, AND ORDER** |

Defendant has filed motion(s) to file motions to dismiss out-of-time, a motion to dismiss the indictment as duplicitous, (Filing No. 46), and a motion to dismiss the indictment as violating his rights under the Second Amendment.

The pretrial motion deadline in this case was June 13, 2022. Defendant now asks the Court for leave to file two Motions to Dismiss, Filing Nos. 46 and 48. The Government does not oppose Defendant's request. Fed. R. Crim. P. 12(c)(2) provides that "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." While the court notes that this case has been pending for more than 18 months, and several continuances have already been granted at Defendant's request, the court also finds that the issues raised in the Motion to Dismiss, (Filing No. 48), focus on the application of New York State Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022) to the charges in this case. Given the recency of the Bruen ruling and case law emerging in light of that ruling, under the authority provided in Rule 12(c)(2), Defendant's unopposed motions to file his motions to dismiss will be granted. Defendant's motions to dismiss, Filing Nos. 46 and 48, are deemed timely filed.

After considering the merits of the motions to dismiss, the undersigned magistrate judge finds:

- As to Filing No. 46, the motion to dismiss the entire indictment on the grounds of duplicity should be denied.

- As to Defendant's challenges to the constitutionality of 18 U.S.C. §§ 922(g)(1) & (3) under the Second Amendment, (Filing No. 48):

    - the facial and as-applied challenges to 18 U.S.C. § 922(g)(1) should be denied;

    - the facial challenge to 18 U.S.C. § 922(g)(3) should be denied; and

    - the as-applied challenge to 18 U.S.C. § 922(g)(3) should be dismissed without prejudice to re-asserting upon the evidentiary record developed at trial.

## ANALYSIS

On March 22, 2022, a one-count indictment was filed charging Defendant as follows:

> On or about February 10, 2022, in the District of Nebraska, the defendant, JOSEPH LUIS GARCIA, knowing that he had been convicted of crimes punishable by imprisonment for a term exceeding one year, . . . and the defendant further knowing that he was an unlawful user of a controlled substance, did knowingly possess ammunition, that being Remington and Norma 9mm ammunition, said ammunition having been shipped and transported in interstate commerce.
> In violation of Title 18, United States Code, Sections 922(g)(1), 922(g)(3), and 924(a)(2).

(Filing No. 1). Defendant moves to dismiss the indictment as duplicitous (Filing No. 46). He further moves to dismiss on constitutional grounds,

arguing 18 U.S.C. §§ 922(g)(1) and (g)(3) are unconstitutional on their face and as applied under the Second Amendment. (Filing No. 48).

I. Motion to Dismiss as Duplicitous (Filing No. 46)

Defendant argues Count I of the Indictment is duplicitous and requests dismissal pursuant to Fed. R. Crim P. 12(b)(3)(B). Defendant argues the Indictment accuses him of both unlawfully possessing ammunition based upon his prior felony conviction (see 18 U.S.C. § 922(g)(1)), and of unlawfully possessing ammunition while being an unlawful user of a controlled substance (see, 18 U.S.C. § 922(g)(3)).

An indictment is duplicitous when "distinct and separate *offenses* are joined together in the same count." United States v. Stegmeier, 701 F.3d 574, 581 (8th Cir. 2012) (emphasis in original); see also United States v. Smith, 910 F.3d 1047, 1052 (8th Cir. 2018). A duplicitous indictment raises concerns because it could "lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense." Id. (citing United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997)); see also Smith, 910 F.3d at 1052.

Count I of the Indictment alleges Defendant violated § 922(g) in two ways. Pursuant to Fed. R. Crim. P. 7(c), "[a] count may allege . . . that the defendant committed it by one or more specified means." 18 U.S.C. § 922(g) sets forth nine separate manners in which a person can unlawfully possess ammunition, including unlawful possession of ammunition when the "person . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), and when the person "is an unlawful user of or addicted to any controlled substance . . ." 18 U.S.C. § 922(g)(3).

Defendant argues that the government must elect to pursue its charges against Defendant under either § 922(g)(1) or (g)(3), but not both. An individual, based on a single act of possession, cannot be separately convicted and punished pursuant to § 922(g) under more than one of the classifications set forth in § 922(g). United States v. Earnest Jesse Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (en banc). Richardson held that separate convictions for a single act of possession are not authorized under § 922(g) because "Congress intended the 'allowable unit of prosecution to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.'" Id. at 422 (quoting Bell v. United States, 349 U.S. 81, 81 (1955)). But while a single act of possession that violates separate subsections of §922(g) cannot be charged as separate indictments, the government may present all grounds for conviction under the subsections of § 922(g) as alternative theories for one charged offense. United States v. Platter, 514 F.3d 782 (2008). See also United States v. Stegmeier, 701 F.3d 574, 581 (8th Cir. 2012) (citing Richardson, 439 F.3d at 422) (concluding the firearm count at issue was not duplicitous because it alleged one violation of one statute – providing a firearm to a felon, cannot be charged separately from providing a firearm to a fugitive). The government can prove its case in the disjunctive where the indictment alleges, in the conjunctive, that the defendant committed the same offense in more than one way. United States v. Lueth, 807 F.2d 719, 733-34 (8th Cir. 1986). See also United States. v. Spencer, 592 F.3d 866, 875 (8th Cir. 2010); Platter, 514 F.3d at 786 ("We have observed that 'where a statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction.'") (citing United States v. Roy, 408 F.3d 484, 492 n. 4 (8th Cir. 2005)).

Count I of the Indictment is not subject to dismissal because it alleges a single violation of a single statute (the prohibited possession of a particular item on a particular date pursuant to § 922(g)). Moreover, the government is not required to choose which grounds, § 922(g)(1) or (g)(3), it will attempt to prove at trial. The defendant can be convicted if the jury unanimously finds Defendant violated both or one of the alleged violations of § 922(g).

Moreover, any risk that a trial verdict may not be unanimous can easily be addressed through a limiting instruction at trial – a remedy to which the Government has already agreed. Therefore, even if the court assumes the indictment is duplicitous, dismissal is not the proper remedy because the alleged defect at issue could be cured by a jury instruction.

II. Motion to Dismiss as Unconstitutional (Filing No. 48)

Defendant argues that under New York State Rifle & Pistol Assn. v. Bruen, 142 S. Ct. 2111 (2022), 18 U.S.C. §§ 922(g)(3) and (g)(1) are facially unconstitutional and unconstitutional as applied to him. Defendant moves the court to dismiss the indictment.

    A.    18 U.S.C. § 922(g)(1)

Garcia's motion argues § 922(g)(1) is not constitutional under Bruen, but he acknowledges that the Eighth Circuit held to the contrary in United States v. Jackson, 69 F.4th 495 (8th Cir. 2023). Defendant argues:

> While Jackson may be binding on this court for the time being, Garcia believes that the Supreme Court will ultimately decide that the felon-in-possession provision cannot withstand constitutional scrutiny. Garcia is challenging the constitutionality of § 922(g)(1) to preserve this issue for further review.

5

(Filing No. 48, at CM/ECF p. 17).

In Jackson, the defendant had a previous felony conviction for selling a controlled substance and was charged with being a felon in possession of a firearm. He argued the felon-in-possession statute, § 922(g)(1), is unconstitutional on its face and as applied to him. Id. at 499. The Eighth Circuit disagreed.

Citing Bruen and District of Columbia v. Heller, 554 U.S. 570 (2008), Jackson upheld the "longstanding prohibitions on the possession of firearms by felons." Jackson, 69 F.4th at 502. While the defendant in Jackson argued that his prior drug felony indicated no propensity for violence, and there was no showing that he was more dangerous than a typical law-abiding citizen, Jackson rejected any need for "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." Id. "[H]istory supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." Id. at 504.

> [L]egislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms. Whether those actions are best characterized as restrictions on persons who deviated from legal norms or persons who presented an unacceptable risk of dangerousness, Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons. Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that the statute is constitutional as applied to Jackson.

Jackson, 69 F.4th at 505–06.[1]

---

[1] Jackson does not specifically state that Defendant's facial challenge was rejected. But it upholds an interpretation of 18 U.S.C. § 922(g)(1) which prohibits all felons from

6

Like the defendant in Jackson, Garcia has a prior felony record and is charged with violating 18 U.S.C. § 922(g)(1). Under Jackson, the statute is not unconstitutional either on its face or as applied to the charges pending against Garcia.

B.  18 U.S.C. § 922(g)(3)

Defendant contends the charge under 18 U.S.C. § 922 for violating § 922(g)(3) must be dismissed as unconstitutional on its face and as applied. The government contends § 922(g)(3) is constitutional, arguing: 1) United States v. Seay, 620 F.3d 919 (8th Cir. 2010) remains the controlling law in the Eighth Circuit; 2) 18 U.S.C. § 922(g)(3) does not criminalize conduct that falls within the plain text of the Second Amendment; and 3) prohibiting illegal drug users from possessing firearms is analogous to this country's historical limitations on the right to bear arms.

1)   Facial Challenge

The Second Amendment states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." In 2008, the United States Supreme Court dissected and evaluated the various interpretations of this language, ultimately deciding "on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms," irrespective of any connection to service in a militia. D.C. v. Heller, 554 U.S. 570, 595, 626–27 (2008).

---

possessing firearms, thereby foreclosing a claim the § 922(g)(1) is facially unconstitutional.

In United States v. Seay, 620 F.3d 919 (8th Cir. 2010), the Eighth Circuit addressed whether 18 U.S.C. § 922(g)(3) is facially unconstitutional under Heller. Seay held that 18 U.S.C. § 922(g)(3), having the "same historical pedigree as other portions of § 922(g)" is constitutional, serves the congressional intent of "keep[ing] firearms out of the possession of drug abusers, a dangerous class of individuals," and "is the type of 'longstanding prohibition on the possession of firearms' that Heller declared presumptively lawful." Seay, 620 F.3d at 925 (quoting Heller, 554 U.S. at 626).

After the Heller decision, several circuits adopted a "two-step" framework for analyzing Second Amendment challenges. Under that framework, the courts first considered whether the challenged law's alleged restriction on the right to bear arms was rooted in history. If it was, the law did not violate the Second Amendment. But if the restriction was not historically recognized or the answer to that question was inconclusive, the courts applied either a strict or intermediate scrutiny test to balance the benefits of the restriction against the severity of its burden on the right to keep and bear weapons. Bruen, 142 S. Ct. at 2117–18.

Bruen rejected the two-part test, abrogating the law in several circuits. Notably, the Eighth Circuit was not listed among them. Bruen, 142 S. Ct. at 2127 n. 4. Bruen held:

> Despite the popularity of this two-step approach, it is one step too many. Step one of the predominant framework is broadly consistent with Heller, which demands a test rooted in the Second Amendment's text, as informed by history. But Heller and McDonald do not support applying means-end scrutiny in the Second Amendment context. Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.

Bruen, 142 S. Ct. at 2127. Bruen reaffirmed and applied the test that we set forth in Heller. That test "requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." Bruen, 142 S. Ct. at 2131.

Consistent with the ruling in Bruen, Seay applied Heller when it concluded 18 U.S.C. § 922(g)(3) was facially constitutional. Defendant argues this court need not follow Seay, explaining:

> Seay did not demand . . . historical analogues from the government. Nor has § 922(g)(3) received a Bruen-style analysis in any other case in the Eighth Circuit. Eighth Circuit precedent therefore does not preclude consideration of Garcia's challenge in this case.

(Filing No. 48, at CM/ECF p. 6). I disagree.

Bruen neither directly nor effectively overruled Seay. While the landscape of Second Amendment jurisprudence in the Eighth Circuit may shift post-Bruen, as to the facial constitutionality of §922(g)(3), the Eighth Circuit must take the lead. Until the Eighth Circuit says otherwise, this court must follow Seay. United States v. Walker, No. 8:22-CR-291, 2023 WL 3932224, at *1 (D. Neb. June 9, 2023) (Buescher, J.); United States v. Le, No. 423CR00014SHLHCA, 2023 WL 3016297, at *4 (S.D. Iowa Apr. 11, 2023) (Locher, J.).

Defendant's motion challenging the constitutionality of §922(g)(3) on its face must be denied.

    2)    As-Applied Challenge

Defendant's argument in favor of his "as-applied" challenge is, recited in its entirety:

9

> Garcia does not concede that he possessed the ammunition in this case, but if a factfinder ever determined that Garcia was guilty, §§ 922(g)(3) and (g)(1) are also unconstitutional as applied to him. The indictment should therefore be dismissed.

(Filing No. 48, at CM/ECF p. 4). The court cannot glean enough from this succinct statement to provide any analysis of the issue.

It appears Defendant raises the "as-applied" challenge to alert the court that it may be raised when the issue is ripe. The court cannot rule on Defendant's as applied constitutional challenge without resolving factual issues related to his alleged offense, such as the extent of his drug use, and therefore the court must defer a ruling on that issue until trial. United States v. Turner, 842 F.3d 602, 605 (8th Cir. 2016). See also Walker, 2023 WL 3932224, at *5 (holding the as-applied challenge to §922(g)(3) was premature because "the scope of [Defendant's] drug use and the extent of his possession of the firearm are directly implicated by both his as-applied Second Amendment challenge and the issues to be resolved at trial"). Defendant's as-applied challenge to 18 U.S.C. § 922(g)(3) should be dismissed without prejudice to re-raising upon an appropriate trial record.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that

- As to Filing No. 46, the motion to dismiss the entire indictment on the grounds of duplicity should be denied.
- As to Defendant's challenges to the constitutionality of 18 U.S.C. §§ 922(g)(1) & (3) under the Second Amendment, (Filing No. 48):
  - the facial and as-applied challenges to 18 U.S.C. § 922(g)(1) should be denied;
  - the facial challenge to 18 U.S.C. § 922(g)(3) should be denied; and

10

- the as-applied challenge to 18 U.S.C. § 922(g)(3) should be dismissed without prejudice to re-asserting upon the evidentiary record developed at trial.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) The trial of this case is set to commence before the Honorable John M. Gerrard, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at 9:00 a.m. on December 18, 2023, or as soon thereafter as the case may be called, for a duration of three (3) trial days. Jury selection will be held at commencement of trial.

2) Expert witness disclosures as required under Rule 16 must be served on or before December 8, 2023.

3) The time between today's date and December 18, 2023 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 6th day of November, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge