IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JOSEPH LUIS GARCIA,<br><br>  Defendant. | 4:22-CR-3039<br><br>ORDER |

  This matter is before the Court on the defendant's objection (filing 59) to the Magistrate Judge's Findings and Recommendation (filing 56) recommending that the defendant's motion to dismiss (filing 46) be denied. The Court has conducted a de novo review of the motion to dismiss pursuant to 28 U.S.C. § 636(b)(1). The defendant's objection will be overruled, and the Court will adopt the Magistrate Judge's findings and recommendation.

  Specifically, the Court agrees that any risk that a verdict would not be unanimous can be cured by a proper jury instruction. If the government elects to pursue both theories of the defendant's guilt at a jury trial, a jury may be instructed that in order to find the defendant guilty, it must unanimously agree on whether the defendant was a felon, an unlawful user of or a person addicted to any controlled substance, or both. *United States v. Pietrantonio,* 637 F.3d 865, 869 (citing *United States v. Nattier,* 127 F.3d 655, 657 (8th Cir. 1997)); *see also United States v. Fairchild,* 819 F.3d 399, 413 (8th Cir. 2016).

  The Court also agrees that *United States v. Jackson,* 69 F.4th 495 (8th Cir. 2023), and *United States v. Seay,* 620 F.3d 919 (8th Cir. 2010), control the defendant's facial constitutional challenges to §§ 922(g)(1) and 922(g)(3), respectively. The defendant admits that *Jackson* controls both his facial and as-applied challenges to § 922(g)(1). Filing 59 at 4. And because *Seay* did not

engage in the means-end scrutiny abrogated by the Supreme Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022), this Court regards *Seay* as binding and leaves to the Eighth Circuit "the prerogative of overruling its own decisions." *United States v. Le,* No. 4:23-cr-14, 2023 WL 3016297, at *2 (S.D. Iowa Apr. 11, 2023) (quoting *United States v. Coonce,* 932 F.3d 623, 641 (8th Cir. 2019)).

Finally, the Court agrees with the Magistrate Judge's recommendation to deny the defendant's as-applied challenge to § 922(g)(3) without prejudice to be reasserted upon a full evidentiary record.[1] Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation and Order (filing 56) is adopted.

2. The defendant's objection (filing 59) is overruled.

---

[1] The Court notes, however, such a reassertion may prove futile. In *Jackson*, the Eighth Circuit concluded that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms." 69 F.4th at 505. Congress prohibited "categories of *presumptively* dangerous persons from transporting or receiving firearms," and the Eighth Circuit has affirmed such categorizations, even in as-applied challenges. *Jackson,* 69 F.4th at 505 (quoting *Lewis v. United States,* 445 U.S. 55, 64 (1980)) (emphasis added). Given the case law in this jurisdiction, it's hard to imagine a set of facts that would justify treating an unlawful user of a controlled substance (e.g., methamphetamine) differently than a person convicted of a felony, if Congress imposed both prohibitions based on its belief that people in those categories "deviated from legal norms or . . . presented an unacceptable risk of dangerousness." *Compare* § 922(g)(3), *with* 922(g)(1); *Jackson,* 69 F.4th at 505.

3. The defendant's motion to dismiss (filing 46) is denied, and his as-applied challenge to 18 U.S.C. § 922(g)(3) is denied without prejudice to be reasserted upon a full evidentiary record.

Dated this 15th day of December, 2023.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge