IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3039 |
| vs. | |
| JOSEPH LUIS GARCIA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. There are no separate objections to the presentence report (although, as explained below, some of the defendant's arguments call into question the presentence report's calculation of the guidelines sentencing range). The defendant has filed a motion for departure or variance. Filing 79.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has filed a motion for departure or variance (filing 79), but one of the defendant's primary arguments seems to the Court to challenge the presentence report. Specifically, the presentence report assesses a four-level increase to the offense level pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possessing ammunition in connection with another felony offense—possession of methamphetamine. The defendant's brief takes issue with that finding. Filing 79 at 23-24. The Court also questions the applicability of this enhancement.

Section 2K2.1(b)(6)(B) provides for an enhancement when the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." When the other alleged offense is drug *trafficking*, the enhancement applies

whenever "a *firearm* is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *United States v. Walker*, 900 F.3d 995, 997 (8th Cir. 2018) (emphasis supplied) (citing § 2K2.1 cmt. n.14(B)). Alternatively, the enhancement may apply if the firearm *or* ammunition facilitated, or had the potential of facilitating, the other felony offense. *See United States v. Mitchell*, 963 F.3d 729, 731 (8th Cir. 2020) (citing § 2K2.1 cmt. n.14(A)).

The Court questions whether Note 14(B)—that the enhancement can be applied based on proximity—applies here, for two reasons. The first is that it applies when the other offense is drug *trafficking*. *See United States v. Sneed*, 742 F.3d 341, 344 (8th Cir. 2014). Here, the presentence report simply suggests that the other offense is drug *possession*—and all the Court knows about the drug offense is that the defendant had methamphetamine in his pocket during a traffic stop and a scale and glass pipe were found in the back seat. There's not enough there to suggest trafficking. And the Court may not automatically apply an increase for simply *possessing* drugs and guns in the same proximity. *United States v. Jones*, 990 F.3d 1141, 1143 (8th Cir. 2021).

The other reason Note 14(B) doesn't fit is that it's quite specific to a *firearm* and drugs—not ammunition. Which makes sense—a firearm might presumptively be used to protect drug trafficking, or at least increase the risk of violence associated with it. *Cf. United States v. Bullock*, 35 F.4th 666, 670 (8th Cir. 2022), *cert. denied,* 143 S. Ct. 2691 (2023). But ammunition by itself wouldn't support that presumption.

In other words, in the Court's view, the applicability of this enhancement rests on Note 14(A): Whether the ammunition "facilitated, or had the

potential of facilitating," the drug offense. Again, the Court knows too little about the drug offense to make that finding. And it's not immediately obvious to the Court how a bag full of 9mm ammunition even *could* facilitate a drug offense.

The government bears the burden of proving facts to support a § 2K2.1(b)(6)(B) enhancement. *Mitchell,* 963 F.3d at 731. And that means proving the ammunition had a purpose or effect with respect to the drug offense because its presence facilitated or had the potential to facilitate the drug offense, as opposed to being the result of mere accident or coincidence. *See United States v. Nilsen,* 18 F.4th 587, 589 (8th Cir. 2021). The Court will require the government to present such evidence at sentencing before applying this enhancement.[1]

The defendant also argues that departure or variance is warranted based on his personal circumstances and the circumstances of the offense. *See* filing 79. The Court will resolve those matters at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

---

[1] The Court also notes the defendant's argument that he is already effectively serving time for the drug offense because it was dismissed in consideration for the defendant's plea of guilty to another charge in a "package" plea deal. Filing 79 at 20-22. Should the Court set aside the 2K2.1(b)(6)(B) enhancement, that would appear to resolve any tension—although the Court will still consider whether the defendant's state and federal sentences should run consecutively or concurrently, regardless of whether or not those sentences are "related" by a drug possession offense.

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 15th day of May, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge